07-5175-ag
Jiang v. U.S. Attorney General

BIA
Weisel, IJ
A099 527 662

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand nine.

PRESENT:
>       JON O. NEWMAN,
>       JOSEPH M. McLAUGHLIN,
>       DEBRA ANN LIVINGSTON,
>               *Circuit Judges*.

_____

YONG PING JIANG,
        *Petitioner*,

        v.                                          07-5175-ag
                                                    NAC
UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

**FOR PETITIONER:** Liu Yu, New York, New York.

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General; Anh-Thu P. Mai-Windle, Senior Litigation Counsel; Arthur L. Rabin, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yong Ping Jiang, a native and citizen of the People's Republic of China, seeks review of a November 5, 2007 order of the BIA, affirming the October 23, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Ping Jiang*, No. A099 527 662 (B.I.A. Nov. 5, 2007), *aff'g* No. A099 527 662 (Immig. Ct. N.Y. City Oct. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we review the entire IJ decision and need not confine our review to the

2

grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The agency's adverse credibility finding is supported by substantial evidence. In finding Jiang not credible, the agency reasonably relied on inconsistencies in his testimony. *See Liang Chen v. U.S. Attorney Gen.*, 454 F.3d 103, 106-07 (2d Cir. 2006). For example, the agency reasonably noted the inconsistency in Jiang's testimony as

3

to when the police began to search for him, and discredited his explanation for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so). The agency also reasonably noted a discrepancy between Jiang's testimony and his asylum application regarding whether he suffered any physical harm or intimidation while in detention. Under the REAL ID Act, these findings were sufficient to support the agency's conclusion that Jiang was not credible. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency's denial of asylum was not in error. Similarly, the agency did not err in denying Jiang's application for withholding of removal and CAT relief, insofar as these claims were based on the same factual predicate as his asylum claim. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

4

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk


                                    By:_____